IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| OBATALA BLOUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-092 |
| | ) | |
| DOCTOR WAYNE DARRELL WELLS; | ) | |
| JONE CIMS; DOCTOR MULLOY; | ) | |
| SUPERIOR COURT JUDGE CHARLES | ) | |
| P. ROSE, JR; DOCTOR BURKS; | ) | |
| TERRANCE KILPATRICK; | ) | |
| KELVIN SPRAYBERRY; ALISHA | ) | |
| HAMMOCK EVANS; | ) | |
| CINDY L. SMITH; JAMES D. SMITH; | ) | |
| SHARON LEWIS; ANDREW N. YOUNG; | ) | |
| and KATHY SMITH,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Hays State Prison in Trion, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Plaintiff commenced this case in the Northern District of Georgia, but it was transferred to the Southern District because the only Defendant originally named was located in Grovetown, Georgia, within the Augusta Division of this Court. (See doc. nos. 1, 5.) The Court directed Plaintiff to file an amended complaint on the standard complaint form used by incarcerated

---

[1]The Court **DIRECTS** the **CLERK** to update the names of Defendants Wells and Evans in accordance with the caption of this Report and Recommendation, which is consistent with the amended complaint. (See doc. no. 9, pp. 1, 5.)

litigants in the Southern District, and it is the amended complaint, which added twelve Defendants scattered throughout Georgia, now before the Court. (See doc. nos. 8, 9.)

Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's amended complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

I.      BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)

(internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner Complaint)" requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits. (Doc. no. 9, pp. 19-20.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition. (Id.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 20.)

## II. DISCUSSION

### A. The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Cases

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff disclosed he filed one case in state court dealing with the same facts as this case. (Doc. no. 9, p. 19.) That case was dismissed by Superior Court Judge Charles P. Rose, Jr., named in this case a Defendant, because "the pleading shows on its face such a complete absence of justiciable issue of law or fact that it cannot reasonably be believed that any court could grant the requested relief against any party." (Id.; doc. no. 9-1, p. 2.) Plaintiff also disclosed one federal habeas

3

corpus case, Blount v. Sprayberry, 1:19-cv-00996 (N.D. Ga. Mar. 1, 2019). However, the Court is aware of at least two cases Plaintiff filed in the Northern District of Georgia relating to the conditions of his imprisonment but failed to disclose: Blount v. Security Officer, 1:05-cv-00463 (N.D. Ga. Feb. 17, 2005); Blount v. Unnamed Defendant, 1:04-cv-02058-JEC (N.D. Ga. July 14, 2004).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to

serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Federal Rule of Civil Procedure 11(c) allows the Court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." Redmon, 414 F. App'x at 225. As discussed above, Plaintiff's disclosures concerning his prior federal lawsuits were blatantly dishonest, and this case should be dismissed without prejudice as a sanction for the dishonesty.

### B. The Case Should Also Be Dismissed Because Plaintiff Has Improperly Joined Unrelated Claims and Defendants

There are two requirements for joinder under Rule 20: (1) all claims against joined defendant must arise out of "the same transaction or occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander, 207 F.3d at 1323. Under the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the

5

claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same). A logical relationship exists when the claims depend upon the same set of facts, or the facts of one claim "activate additional legal rights supporting the other claim." Smith, 728 F. Supp. 2d at 1319.

Plaintiff originally filed his complaint based on claims against one doctor at Augusta State Medical Prison (ASMP) who allegedly improperly refused to perform surgery in 2019 that Plaintiff believes is necessary to remove callouses from his feet. (See doc. no. 1, p. 4.) In his amended complaint filed after the case transferred to this District, Plaintiff begins his statement of claim based on events related to medical treatment starting in November 2015 in the Clayton County Detention Center in Jonesboro, Georgia, concerning "internal hemroids." (Doc. no. 9, p. 7.) Plaintiff then details allegations against Defendants at Hays State Prison, Smith State Prison, and ASMP, as well as a judicial officer and Department of Corrections grievance investigators, regarding over three years of medical treatment, grievance rulings, and lawsuits covering ailments ranging from the "internal hemroids" to a kidney infection to foot callouses. (See generally id. at 7-12.)

Claims based on separate events, must be filed in separate cases. Based on the information provided by Plaintiff in the amended complaint, the separate cases must be filed in different court divisions and federal District Courts. Plaintiff may not bring unrelated claims in a single lawsuit about medical care he received at separate locations, from separate medical providers, and at different times. Therefore, joinder of the thirteen Defendants in this single case is not proper. See Tarver, 2014 WL 3810594, at *4.

6

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction. As the case should be dismissed, the "motion" for a protective order, even if it had been signed by Plaintiff or named the same Defendants as those listed on the amended complaint, should likewise be **DENIED**. (Doc. no. 14.) If Plaintiff intends to pursue any of the claims raised in this lawsuit, he must file separate lawsuits in the appropriate venue(s) for each of his unrelated claims.

SO REPORTED and RECOMMENDED this 16th day of July, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA