IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

OBATALA BLOUNT, )
 )
    Plaintiff, )
 )
v. ) CV 119-092
 )
DOCTOR WAYNE DARRELL WELLS; )
JONE CIMS; DOCTOR MULLOY; )
SUPERIOR COURT JUDGE CHARLES )
P. ROSE, JR; DOCTOR BURKS; )
TERRANCE KILPATRICK; )
KELVIN SPRAYBERRY; ALISHA )
HAMMOCK EVANS; )
CINDY L. SMITH; JAMES D. SMITH; )
SHARON LEWIS; ANDREW N. YOUNG; )
and KATHY SMITH, )
 )
    Defendants. )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. nos. 18, 21). The Magistrate Judge recommended dismissing the case without prejudice as a sanction for Plaintiff providing dishonest information about his filing history. (See doc. no. 16, pp. 1-5.) The Magistrate Judge also explained the case is subject to dismissal because Plaintiff improperly joined unrelated claims and Defendants, and recommended denying an unsigned motion for a protective order that was captioned for defendants other than those in this case. (See id. at 5-7.)

Although Plaintiff "objects unequivocally to every portion of the 7-16-19 Report and Recommendation," he does not deny or dispute in his first set of objections that he failed to disclose the cases identified by the Magistrate Judge. (Doc. no. 18, p. 1.) In his second set of objections, Plaintiff states he reviewed his trust account statement and cannot find the two cases identified by Magistrate Judge, but he also discloses a third case he filed in the Northern District but did not disclose on his complaint form, Blount v. Towns, 2:12-cv-00197 (N.D. Ga. Aug. 16, 2012). That Plaintiff did not find the cases listed on his trust account does not refute the Magistrate Judge's findings because as the attached docket sheets for each case show, Plaintiff's cases were dismissed prior to assessment of a filing fee. The complaint form requires disclosure of filed cases, not only cases in which filing fees were assessed. (See doc. no. 9, p. 19.) Thus, Plaintiff's case is due to be dismissed as a sanction for his dishonesty.

Although the Magistrate Judge recommended dismissal based on Plaintiff's dishonesty about his prior fling history, (doc. no. 16, p. 7), the Report and Recommendation also explained, "Claims based on separate events must be filed in separate cases. . . . Plaintiff may not bring unrelated claims in a single lawsuit about medical care he received at separate locations, from separate medical providers, and at different times." (Id. at 6.) In his first set of objections, Plaintiff asks that all Defendants be dropped from the case except Dr. Wells at Augusta State Medical Prison, but he then asks the Court to subpoena records from Tattnall Superior Court that cover "the same issues in this complaint, that will bring a quicker verdict at trial." (Doc. no. 18, p. 2.) In his second set of objections, Plaintiff argues against dismissal by pointing to Fed. R. Civ. P. 21 and its language that "[m]isjoinder of

parties is not a ground for dismissing an action." (Doc. no. 21, p. 1.) Thus, it appears Plaintiff recognizes he cannot proceed with all his claims in a single case.

The Court is aware it has discretion to *sua sponte* dismiss unrelated claims against unrelated defendants rather than dismiss a case in its entirety. See Daker v. Head, 730 F. App'x 765, 768 (11th Cir. 2018) (*per curiam*). While the Court adopts the Magistrate Judge's analysis that Plaintiff has improperly attempted to join unrelated claims and Defendants, the Court will not adopt improper joinder as an alternative basis for dismissal of the above-captioned case. The basis for dismissing the case is Plaintiff's dishonesty. Dismissal without prejudice will not prohibit Plaintiff from pursuing federal claims about medical care he received in Tattnall County by filing a new case in the Statesboro Division of this Court, and if he so chooses, refiling a new case in the Augusta Division against Dr. Wells.

Along with his objections, Plaintiff re-urges a motion for appointment of counsel, a request the Magistrate Judge previously denied. (See doc. no. 15.) In denying the prior request, the Magistrate Judge pointed out that despite an assertion of unspecified mental health issues, Plaintiff was able to submit factually-detailed pleadings reviewing over three years of medical diagnoses and treatment, thus demonstrating an ability to present his claims to the Court without an attorney. (Id. at 4.) That ability is again demonstrated by Plaintiff's objections and renewed motion for appointed counsel.

Moreover, because of Plaintiff's dishonesty about his filing history, the case is due to be dismissed, eliminating any concerns about discovery and the presentation of evidence. Then, as now, Plaintiff fails to show exceptional circumstances exist to justify appointment

of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Accordingly, the Court **DENIES** the renewed motion for appointment of counsel. (Doc. no. 19.)

In sum, the Court **OVERRULES** all of Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as modified herein, as its opinion, **DISMISSES** this case without prejudice as a sanction for Plaintiff's abuse of the judicial process, **DENIES** the motions for a protective order and appointment of counsel (doc. nos. 14, 19), and **CLOSES** this civil action. If Plaintiff intends to pursue any of the claims raised in this lawsuit, he must file separate lawsuits in the appropriate venue(s) for each of his unrelated claims.

SO ORDERED this 13th day of September, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4