IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| OBATALA BLOUNT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 119-092 |
| | * | |
| DOCTOR WAYNE DARRELL WELLS; | * | |
| JONE CIMS; DOCTOR MULLOY; | * | |
| SUPERIOR COURT JUDGE CHARLES | * | |
| P. ROSE JR.; DOCTOR BURKS; | * | |
| TERRANCE KILPATRICK; KELVIN | * | |
| SPRAYBERRY; ALISHA HAMMOCK | * | |
| EVANS; CINDY L. SMITH; JAMES | * | |
| D. SMITH; SHARON LEWIS; ANDREW | * | |
| N. YOUNG; and KATHY SMITH, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court are the following motions: (1) Plaintiff's motion for a certificate of appealability (Doc. 27); (2) Plaintiff's motion for leave to appeal *in forma pauperis* ("IFP") (Doc. 28); and (3) Plaintiff's second motion for leave to appeal IFP (Doc. 32). For the following reasons, the motions are **DENIED**.

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, is an inmate at Hays State Prison in Trion, Georgia. (R. & R., Doc. 16, at 1.) Plaintiff's initial complaint alleged Section 1983 claims for deliberate indifference to his serious medical needs against Defendant Dr.

Wells. (See Compl., Doc. 1, at 4, 8-10.) Later, Plaintiff filed an amended complaint asserting a host of claims against multiple defendants. (See generally, Am. Compl., Doc. 9.)

In screening Plaintiff's complaint, United States Magistrate Judge Brian K. Epps found that Plaintiff's form complaint failed to truthfully disclose his relevant litigation history. (R. & R., at 3-5; see also Am. Compl., at 19-20.) As a sanction for Plaintiff's dishonesty, Magistrate Judge Epps recommended dismissing the case without prejudice. (R. & R., at 7.) Magistrate Judge Epps also concluded that Plaintiff improperly joined unrelated claims and defendants in his amended complaint. (Id. at 5-6.)

Over Plaintiff's objections (Docs. 18, 21), the Court adopted the Report and Recommendation as to its proposal that the case be dismissed due to Plaintiff's dishonesty in his complaint and analysis that Plaintiff improperly attempted to join unrelated claims and defendants.[1] (Order, Doc. 23, at 2-4.) The Court, however, did not adopt improper joinder as an alternative reason for dismissing the action. (Id. at 3.) After the Court's dismissal of Plaintiff's action, Plaintiff filed his notice of appeal (Doc. 26), motion for a certificate of appealability (Doc.

---

[1] As a result of the dismissal of the action, the Court also denied Plaintiff's motions for a protective order and appointment of counsel (Docs. 14, 19). (Order, Doc. 23, at 4.)

2

27), motion for leave to appeal IFP (Doc. 28), and second motion for leave to appeal IFP (Doc. 32).

**II. DISCUSSION**

The Court first addresses Plaintiff's motion for a certificate of appealability and then turns to Plaintiff's motions for leave to appeal IFP.

**A. Motion for Certificate of Appealability**

As noted above, the now-dismissed action alleged Section 1983 violations. A certificate of appealability is not required for an appeal of a Section 1983 action. Riley v. Nmwabueze, No. 6:15-cv-29, 2016 WL 5110254, at *1 (S.D. Ga. Sept. 20, 2016); see also Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 131, 131 n.1, 133 (11th Cir. 2012) (per curiam) (affirming denial of certificate of appealability as unnecessary when the district court dismissed Plaintiff's Section 1983 case as a sanction for abuse of the judicial process for the plaintiff's failure to disclose prior litigation). Accordingly, Plaintiff's motion for certificate of appealability is moot.

**B. Motions to Proceed on Appeal IFP**

The requirements for litigants seeking to proceed IFP on appeal are set forth in 28 U.S.C. § 1915. In addition to certain financial requirements, section 1915(a)(3) provides: "An appeal may not be taken [IFP] if the trial court certifies in writing

3

that it is not taken in good faith." Additionally, if a party receives IFP status in the district court action, Federal Rule of Appellate Procedure 24(a)(3) applies: "A party who was permitted to proceed [IFP] in the district[]court action . . . may proceed on appeal [IFP] without further authorization, unless: (A) the district court . . . certifies that the appeal is not taken in good faith . . . ."

Plaintiff received permission to proceed in the district court action IFP. (June 26, 2019 Order, Doc. 8, at 1.) Therefore, Plaintiff may proceed on appeal IFP without further authorization unless the appeal is not taken in good faith.

An appeal is not taken in good faith if it is frivolous. See Coppedge v. United States, 369 U.S. 438, 445 (1962). For purposes of a motion to proceed IFP, an appeal is "frivolous if it is without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citation and internal quotation marks omitted). "There is no absolute right to be allowed to proceed [IFP] in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." Startti v. United States, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam). In determining whether to grant a motion to proceed on appeal IFP, trial courts possess "wide discretion" and recognize the privilege should be

4

extended "sparingly." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (citation omitted).

Here, Plaintiff's appeal is not taken in good faith. Plaintiff's first and second motions to appeal IFP do not set forth enumerations of error. Instead, Plaintiff spells out the asserted errors in his notice of appeal. Only the first enumeration of error relates to the reason for the dismissal of this action, Plaintiff's failure to disclose relevant litigation history. Plaintiff denies filing the additional actions he failed to disclose on the complaint in the present action claiming the past lawsuits contained doctored documents used to dismiss the present action. (Notice of Appeal, at 1.) Plaintiff offers no evidence of the purported scheme to manufacture past cases for the purpose of dismissing newly filed actions. The remainder of Plaintiff's enumerations relating to his dishonesty also lack merit.

Second, Plaintiff contends the Court erred in dismissing his case for misjoinder of claims and parties. (Id.) The Order dismissing Plaintiff's case expressly refrained from adopting misjoinder as an alternative ground for dismissal. Plaintiff next claims the Court erred in refusing to grant Plaintiff's protective order. (Id. at 2.) Following dismissal, no protective order was needed. Finally, Plaintiff argues the Court erred in failing to bring the nondisclosed litigation to Plaintiff's attention. Magistrate Judge Epps noted the cases Plaintiff failed to disclose

5

in his Report and Recommendation. Once brought to Plaintiff's attention, he continued to claim he never filed the additional cases in his supplemental objection to the Report and Recommendation (Suppl. Obj., Doc. 21, at 1-2) and makes the same argument still. Plaintiff received notice of his omissions and took no action to correct them. Accordingly, the Court discerns no non-frivolous issues for appeal and certifies the appeal is not taken in good faith. Because Plaintiff offers no additional enumerations of error in his second motion for leave to appeal IFP, that motion is also denied.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for a certificate of appealability (Doc. 27) is **DENIED AS MOOT**, Plaintiff's motion for leave to appeal IFP (Doc. 28) is **DENIED**, and Plaintiff's second motion for leave to appeal IFP (Doc. 32) is **DENIED**. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk is **DIRECTED** to transmit this Order to the Eleventh Circuit Court of Appeals. This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of January, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA